UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOBBY RIDOUT,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-99

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 8. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 5), the Commissioner's memorandum in opposition (doc. 6), the administrative record[1] (doc. 4), and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of January 25, 2011. PageID 185-87. Plaintiff suffers from cervical degenerative disc disease and right knee degenerative joint disease. PageID 30.

---

[1] Hereafter, citations to the electronically-filed administrative record (doc. 4) will refer only to the PageID number.

After initial denials of his application, Plaintiff received a hearing before ALJ Scott R. Canfield on April 22, 2013. PageID 43-94. On November 29, 2013, the ALJ issued a written decision finding Plaintiff not "disabled." PageID 28-36. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 25, 2011, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: cervical degenerative disc disease, status post C5-C7 fusion with right sided radiculopathy and right knee degenerative joint disease, status post arthroscopic surgery (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b)[2] except: [h]e can lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand or walk for approximately six hours in an eight-hour workday, and sit for approximately six hours in an eight-hour workday[;] [h]e can frequently push or pull with the right upper extremity[;] [h]e can never climb ladders, ropes, or scaffolds; he can occasionally stoop[,] kneel[,] crouch, crawl, and climb ramps or stairs[;] [h]e can frequently reach in all directions, including overhead, with the right dominant upper extremity; he can frequently handle and finger with the right dominant upper extremity[;] [h]e must avoid all exposure to hazards, such as dangerous machinery or unprotected heights.

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

6. The claimant is unable to perform any [of his] past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1963 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1565).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ["Grid"] as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that he can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2011 through the date of this decision (20 CFR 404.1520(g)).

PageID 30-35.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 17-19. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 30-34. Plaintiff and the Commissioner both summarize the record evidence in their respective filings. Doc. 5 at PageID 380-82; doc. 6 at PageID 396-401. Accordingly, except as otherwise noted, the undersigned incorporates the ALJ's recitation of the evidence as

well as the parties' summaries of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773 (brackets added).

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the medical opinion evidence, including an opinion of his treating neurosurgeon, Scott West, D.O.; (2) finding that he did not meet or equal Listing § 1.04(A); (3) finding him not fully credible; (4) posing an inaccurate hypothetical question to the vocational expert ("VE") at Step Five of the sequential benefits analysis; and (5) failing to direct a disability finding based upon the Grid, 20 C.F.R. Part 404, Subpart P, Appendix 2.  Doc. 5 at PageID 382-89.  Finding Plaintiff's first alleged error dispositive, the Court does not address Plaintiff's remaining arguments.

In weighing medical opinion evidence, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]"  *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Treating physicians and psychologists top the hierarchy.  *Id*.  "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Id*.  "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions."  *Id*.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker."  *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d

399, 406 (6th Cir. 2009) (citations omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. An ALJ must give controlling weight to a treating source's opinion if the ALJ finds it well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R.

§ 404.1527(c).[3]  Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. West treated Plaintiff since February 2011, including performing a discectomy[4] on Plaintiff's cervical spine in February 2013. PageID 33, 364. In March 2013, Dr. West opined, *inter alia*, that Plaintiff can lift twenty pounds occasionally with no limitations on his ability to reach, handle, and finger; sit, stand, and walk for approximately four hours out of an eight-hour workday; and would be absent from work two days per month as a result of his impairments. PageID 33, 364-67. The VE testified that such a level of absenteeism would preclude competitive employment. PageID 85.

The ALJ gave "significant weight" to Dr. West's opinion concerning Plaintiff's ability to lift. PageID 34. However, he gave "little weight" to Dr. West's opinion regarding Plaintiff's ability to sit, stand, and walk because he "only treat[ed] the claimant for neck pain." *Id.* He also gave "little weight" to Dr. West's opinion concerning absenteeism because "there are no findings to support his opinion that the claimant would be absent two days a month due to pain." *Id.*

The undersigned agrees with Plaintiff that the ALJ erred in analyzing, and ultimately discounting, Dr. West's opinion concerning Plaintiff's ability to sit, stand, and walk, and his

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

[4] A discectomy (also spelled "diskectomy") is a "surgical procedure to remove the damaged portion of a herniated disk in [the] spine. A herniated disk can irritate or compress nearby nerves and cause pain, numbness or weakness." Mayo Clinic, *Diskectomy*, MayoClinic.com, http://www.mayoclinic.org/tests-procedures/diskectomy/basics/definition/prc-20013864 (last visited Mar. 9, 2016).

ability to regularly attend work. Initially, the undersigned notes that the ALJ failed to mention the "controlling weight" concept and never specifically declined to afford Dr. West's opinion "controlling weight." *See* PageID 34. Because of the ALJ's failure in this regard, the Court cannot determine whether he undertook the "two-step inquiry" required when analyzing treating source opinions. *See supra* note 3; *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart*, 710 F.3d at 377 (referencing 20 C.F.R. § 404.1527(c)(2)). Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Even assuming, *arguendo*, that the ALJ properly conducted a controlling weight analysis -- which the undersigned concludes he did not -- the ALJ failed to provide good reasons for the ultimate weight given to Dr. West's opinion. Dr. West opined that Plaintiff is limited in his ability to sit, stand, and walk because of his neck impairment. PageID 364-66. Thus, it is not clear why Dr. West's treatment for that neck impairment lessens the weight accorded his opinion at all; in fact, the treatment relationship should enhance the weight given his opinion. 20 C.F.R. § 404.1527(c)(2).

Insofar as the ALJ discounted Dr. West's absenteeism limitation because "there are no findings to support" it, PageID 34, the Court finds such a conclusion unsupported by the record. In his opinion, Dr. West indicated that Plaintiff has "neck and arm pain," a decreased range of motion, sensory loss, reflex changes, muscle weakness, and experiences drowsiness as a side effect of his medications. PageID 364-65. Without any explanation by the ALJ, it is unclear how these findings fail to support Dr. West's opinion. Additionally, the ALJ's conclusion in this regard ignores Dr. West's treatment notes and hospital records from Plaintiff's discectomy that

contain numerous, detailed objective findings.  PageID 275-82, 335-42; *cf. Dant v. Comm'r of Soc. Sec.*, No. 3:14-cv-400, 2016 WL 520534, at *5 (S.D. Ohio Feb. 10, 2016) (reversing, in part, when the ALJ failed to consider the supportability of the treater's opinion, including "86 pages of treatment notes containing objective findings") *Report and Recommendation adopted by* 2016 WL 882103 (S.D. Ohio Mar. 1, 2016).

Further, the undersigned finds the ALJ's assessment fails to consider significant evidence, as required by 20 C.F.R. § 404.1527(c)(2).  *Blakley*, 581 F.3d at 406 (stating that when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors" set forth in 20 C.F.R. § 404.1527(c)).  In weighing Dr. West's opinion, the ALJ failed to acknowledge his specialization as a neurosurgeon -- which particularly concerns the Court given the ALJ's reliance on the opinion of a record-reviewing dermatologist, *i.e.,* a specialty wholly inapplicable to Plaintiff's impairments.  PageID 34; doc. 6 at PageID 403.  Additionally, the ALJ did not consider Dr. West's long-term treatment relationship with Plaintiff -- over two years at the time he provided his opinion -- and how Dr. West could, therefore, provide a meaningful, "detailed, longitudinal picture of [Plaintiff's] medical impairment[,]" as contemplated by the regulations.  20 C.F.R. § 404.1527(c)(2); PageID 364.

Based upon the foregoing, the undersigned finds the ALJ failed to properly assess and give good reasons, supported by substantial evidence, for discounting Dr. West's opinion.  *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").  Accordingly, the ALJ's non-disability finding is reversed.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order an award of benefits.  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming in light of conflicting medical source opinions.  PageID 111-13, 364-67.  Accordingly, the undersigned concludes that remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence; conduct a thorough Listings analysis; reassess Plaintiff's credibility; and determine Plaintiff's RFC and disability status anew, utilizing the services of a medical expert, if necessary.

**V.**

For the foregoing reasons, (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

-12-

**IT IS SO ORDERED**.


Date:   March 28, 2016                *s/ Michael J. Newman*
                                      Michael J. Newman
                                      United States Magistrate Judge